ORIGINAL

JOHN HARRIS PAER   #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 22 2006

at 10 o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOAN JARRETT, | CIVIL NO. CV06 00284 SOM KSC |
| Plaintiff, | COMPLAINT; EXHIBIT "A" SUMMONS |
| vs. | |
| SRA ASSOCIATES, INC., | |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, by and through her undersigned attorney and alleges as follows:

### INTRODUCTION

1.  This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. Section 1692, et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendant's violations of that Act.  Plaintiff seeks actual and statutory damages arising out of Defendant's misrepresentations and failure to make required disclosures in the collection of an alleged debt.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1692k(d) and 28 U.S.C.A. Section 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapters 443B and 480 of the Hawaii Revised Statutes.

## PARTIES

3. Plaintiff is a natural person and is a resident of the State of Hawaii.

4. Defendant is a corporation doing business in the State of Hawaii as a collection agency and debt collector, and is subject to the jurisdiction of this Court.

## FACTS

5. Within the year prior to the filing of this action, Defendant has been attempting on behalf of a third party to collect an alleged debt from Plaintiff.

6. On or about April 28, 2006 Kelly Ames, an employee and agent of Defendant called Plaintiff, stated that payment of $7404.66 was due and that she would settle the matter for $5685.00.

7. Plaintiff offered to make monthly payments, but Ms. Ames refused that offer.

8. Plaintiff then said she would call Ms. Ames back as she could not discuss the matter at work, and upon request, Plaintiff gave Ms. Ames her cell number and home address.

9. On May 3, 2006, Plaintiff called for Ms. Ames, but spoke to Gary Herman, another agent and employee of Defendant. Mr. Herman said he could offer settlement via two payments of $2842.50, but Plaintiff said she could not afford that.

10. Plaintiff again offered to make monthly payments and Mr. Herman said that he could refer her to "hardship", but she had to pay $1600.00 by May 8, 2006 in order to talk to someone in "hardship".

11. On May 8, 2006, Ms. Ames called again at Plaintiff's place of employment, and again, Plaintiff told her that she could not discuss this at work and to call her cell phone later.

12. Ms. Ames said that she would have to report to her client that Plaintiff refused to pay, but Plaintiff said she was not refusing to pay and was not able to discuss this at work.

13. On May 10, 2006, Plaintiff called again for Ms. Ames, but was referred to William Allen, another employee and agent of Defendant, who said the amount due was $7404.66.

14. Plaintiff said she had never received anything in writing from Defendant, did not know who they were, and requested that Defendant send her a letter regarding their claim.

15. Mr. Allen said he could fax Plaintiff a letter, but could not mail it because that would take too long and he had to finalize this matter.

16. Plaintiff said that she did not have a fax and offered her address again, but Mr. Allen refused to send a letter except via fax.

17. On May 15, 2006, Plaintiff called Defendant again and gave a fax number, and Defendant said it would fax a letter to Plaintiff at that number.

18. On May 16, 2006, Defendant faxed its first written communication to Plaintiff. A true copy of that letter is attached hereto as Exhibit "A".

19. The underlying debt was incurred primarily for personal, family, or household purposes.

## COUNT I

20. Plaintiff realleges and incorporates paragraphs 1 through 19 of this Complaint.

21. Defendant has violated the Fair Debt Collection Practices Act in the following ways:

(a) Defendant has used false, deceptive and misleading misrepresentations in connection with the collection of the above claim in violation of 15 U.S.C. §1692e.

(b) Defendant has used unfair means to collect and to attempt to collect the above claim in violation of 15 U.S.C. §1692f.

(c) Defendant has not sent to Plaintiff the proper notices and/or verifications required by the Act in violation of 15 U.S.C. §1692g.

(d) Defendant has violated 15 U.S.C. §1692c.

## COUNT II

22. Plaintiff realleges and incorporates paragraphs 1 through 21 of this Complaint.

23. Defendant has violated Chapter 443B and 480 of the Hawaii Revised Statutes as alleged above.

24. Defendant's violations of the Fair Debt Collection Practices Act and/or H.R.S. Chapter 443B constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

25. Defendant's contacts, demands and disclosures in connection with the above-described collection were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480. The acts and representations of Defendant described herein had the capacity of deceive Plaintiff.

26. Plaintiff has suffered injury to her property in an amount to be proved at trial, by reason of Defendant's violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I

1. Award Plaintiff her actual damages as will be proved.

2.  Award Plaintiff statutory damages of $1000.00.

AS TO COUNT II

3.  Award Plaintiff damages in the amount of three times the injury to her property, but not less than $1000.00.

AS TO ALL COUNTS

4.  Award Plaintiff reasonable attorneys' fees and costs.

5.  Award Plaintiff further appropriate relief.

DATED: Honolulu, Hawaii, May 22, 2006.

_____
JOHN HARRIS PAER
Attorney for Plaintiff